THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDMUND McCOMBIE, Plaintiff in Error.

*Opinion filed October 24, 1916.*

1. CRIMINAL LAW—*what argument by prosecuting attorney is prejudicial where evidence is conflicting.* Where the evidence in a rape case is conflicting and the case rests mostly on the credibility of the prosecutrix, an argument by the prosecuting attorney that the municipal judge had held the defendant to the grand jury on the same testimony as was given on the trial tends to strengthen the evidence of the prosecutrix in the minds of the jury because the municipal judge had believed her, and such argument is prejudicial error notwithstanding the trial judge sustained objections and said the action of the municipal court judge made no difference and that the jury had heard the evidence.

2. SAME—*the prosecuting attorney should not use unfair arguments.* The prosecuting attorney goes beyond his duty when he seeks to secure a conviction by known unfair arguments, and a conviction procured by the use of them in a case where the evidence of guilt is not clear will not be permitted to stand.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding.

RYAN & LEWIS, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, G. P. RAMSEY, D. E. DETRICH, E. E. WILSON, and GEORGE C. BLISS, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error was convicted of rape. He insists that the evidence does not sustain the verdict and that the court erred in refusing instructions and in permitting improper cross-examination of the defendant. We have examined the instructions and rulings complained of and find no serious error in the court's action. We do not regard the objections made as sufficiently important to require discussion. The evidence was conflicting. We shall express no opinion as to its sufficiency, further than to say that it was not so conclusive of the defendant's guilt that it can be said that error on the trial should be disregarded.

The young woman charged to have been ravished was twenty-four years old, married, and living with her husband and six-year-old son in three rooms on the second floor of the house of the plaintiff in error, who with his wife occupied the lower floor. He was a granite-cutter, who came to this country from Scotland six years ago and had lived four or five years in Chicago. The prosecuting witness was married in Sweden and had been living in Chicago about two years, her husband working for Swift & Co. at the stock yards. She testified that on a Saturday in May, 1915, the plaintiff in error came up-stairs and painted the bath-room. When he finished he engaged the witness for a moment in conversation of no importance. She picked up something from the floor and he came up to her. She said, "What is the matter?" but he only laughed and took her by the left

shoulder and pushed her down on the bed. He put his knee and his elbow on her side. She screamed twice, and he put his hand over her head and just "took the best of her." She slapped him and kicked. Afterward she went to see her sister-in-law, who lived a block away, but the latter was not at home. She returned home, and when her husband came home about five o'clock told him. The next morning (Sunday) she and her husband went to her sister-in-law's house and told her sister-in-law and her sister-in-law's husband what had occurred, and she showed some bruises on her shoulder and arm. The next morning the plaintiff in error was arrested. The plaintiff in error denied the whole occurrence. He said that he painted the bath-room, and when he had finished he went down-stairs and told his wife to go up-stairs and look at it. She did so, and after putting his paint away he went up-stairs and looked it over with the prosecuting witness. She was there while he was doing the painting, but he did not have any conversation with her, assault her, lay hands on her, grab her shoulder, push her on the bed or do anything of the nature of the acts mentioned by her in her testimony. The first he knew of the charge against him was on Monday morning, when he was notified by a detective, and he then went to the station and said he wanted to know the charge against him.

Much of the testimony of the prosecuting witness was elicited from her by means of leading questions putting the words directly in her mouth and answered "yes" or "no." Perhaps this method of examination was made necessary by her embarrassment, her slight knowledge of the English language and her ignorance of the English words used to express the meaning she wished to convey, but it detracted from the weight of her testimony. Her corroboration was slight, and the case rested substantially on her testimony and that of the plaintiff in error. It was important, therefore, that the case should be submitted to the jury without any prejudice.

In the cross-examination of the plaintiff in error the following occurred:

Q. "Now, you remember the hearing when this case was heard before the municipal court judge?—the preliminary hearing?

A. "Yes.

Q. "And after the judge had heard all the testimony you were held to the grand jury, were you not?

Mr. Ryan: "I object to that as wholly incompetent, and counsel knows it.

Mr. Bliss: "You were held to the grand jury?

Mr. Ryan: "I object to the statement.

The court: "That does not make any difference.

Mr. Ryan: "I move to strike it out.

The court: "It may go out."

In the closing argument of the State's attorney the record shows as follows:

"This case was heard before the municipal court judge and she testified there, and you gentlemen heard the statement that she made, and she told the court the same there as she did here.

Mr. Ryan: "I object to that as incompetent and prejudicial to the defendant and take exceptions.

The court: "No, that is not competent.

Mr. Bliss: "The municipal court judge held him over to the grand jury.

Mr. Ryan: "I object to that as incompetent and take exceptions.

The court: "No, that doesn't make any difference what the municipal court judge did.   *   *   *

Mr. Bliss: "He says there is no rape shown.  You have heard the testimony of this lady, and if there was no evidence of any rape his honor would direct a verdict in this case and it would not be for you gentlemen to pass upon.

Mr. Ryan: "I object to counsel's argument.

Mr. Bliss: "I am saying——

The court: "The jury have heard the evidence."

The only object in referring to the action of the municipal judge in holding the defendant to the grand jury, and of the trial judge, was to strengthen the evidence of the prosecutrix in the minds of the jury by leading them to believe that the former had believed the prosecutrix, and, on the same statement made by her as that made on the trial, had held the defendant to bail, and that the trial judge believed the prosecutrix or he would have directed a verdict and the jury would not be called upon to pass on the case. These were not legitimate arguments. The testimony before the municipal judge, and his judgment, were not before the jury and could not be made the basis of any argument to them. The court said when the defendant's counsel objected, it made no difference what the municipal court judge did, but the fact was brought to their attention that he had held the defendant to bail and the argument forced on their minds that therefore he was guilty. The fact that the judge had not directed a verdict of not guilty was unfairly and improperly impressed on the minds of the jurors as evidence of the defendant's guilt. In a case such as this, when the credibility of the witnesses was the turning point in the case, it was not consistent with a fair trial to have such argument pressed upon the jury, even though the court did say "the jury heard the evidence." The argument may have turned the scale in the minds of doubtful jurors.

The prosecuting attorney goes beyond his duty when he seeks to secure a verdict by known unfair arguments. They should not be used or allowed, for if the case for the prosecution is clear such arguments are unnecessary; if not clear, a verdict procured by the use of them will not be permitted to stand. The court should have granted a new trial because of the improper conduct of the State's attorney.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*